## PREWETT v. MISSISSIPPI COUNTY.

1. PAUPERS: *When Counties liable to support of.*
   A county judge has no authority to adjudge an indigent person a pauper, or to contract for his support or medical treatment except in term time, or while he is holding a county court.

APPEAL from *Mississippi* county.
Hon. L. L. MACK, Circuit Judge,

### STATEMENT.

R. C. Prewett, a regular practising physician of Mississippi county, presented to the county court of that county a claim against the county for $40, for medical attention and medicines to J. M. Burge, as a pauper. The claim was allowed by the county court, and H. C. Dunavaunt, a citizen and tax payer of the county, appealed for the county to the Circuit Court.

On the trial, before a jury in the Circuit Court, the evidence was, in substance, that Burge was a very poor man, and was, and had been for sometime, sick. The county judge was called to see him, and finding him in need of medical attention, and without any means at all to employ a physician, went to the courthouse and ordered the clerk of the county to enter Burge's name upon the list of county paupers, in a book kept for that purpose, which was done.

Prewett v. Mississippi County.

The judge then requested Dr. Prewett, who had been doing the pauper practice for the county, to give such attention and medicines to Burge as he needed. Prewett rendered the services to the amount and value of his claim. At the time the judge employed his services, Burge was, in fact, receiving the attention of another physician, but this was not known either to the judge or Prewett.

The court instructed the jury against plaintiff's objection, that the county judge had no authority to declare a person a pauper, in vacation, and unless they found from the evidence that Burge was declared a pauper in term time, before the services were rendered, the county was not liable for them.

And refused to instruct for the plaintiff, that

"If the jury find from the testimony that Burge was a pauper, (whether declared so by the county court in term time or not), that the plaintiff was employed by the county court to attend him professionally, and did so, they will find for the plaintiff if his charges are reasonable."

After verdict and judgment for the county, and motion for new trial overruled, the plaintiff filed his bill of exceptions and appealed.


*Palmer & Mathes*, for appellant:

*Lee county* v. *Lackie*, 30 *Ark.*, 764, is not a parallel case. The services here were rendered by direction of the county judge, for a price agreed upon.

*Lee Co.* v. *Lackie*, *sup.*, only professes to construe *secs.* 669–71–2–3–4–6, *Gantt's Dig.* This case comes clearly within *sec.* 675, *Ib.*, and the allowance of the claim was such an approval as cured any irregularities.

HARRISON, J. It was expressly decided in the case of *Lee county* v. *Lackie*, 30 *Ark.*, 764, that in order to charge the county with the support and maintenance, including of course medical treatment, of poor and destitute persons, they must first be adjudged paupers by the county court.

In that case the court say: We are sensible of the difficulty that must arise upon emergencies, and before time and opportunity can be afforded for the court to act, and that some who deserve protection and care, may for a time be left to suffer, or left to the charitable in the vicinity where they may be found. But unless this question of support and care is determined by some tribunal, and is not left open to be determined by the person called upon to give support or relief, it is evident that a greatly increased and unnecessary charge may be made upon the county, in which such person resides. The law seems to have made provision, not only for the protection and care of the paupers of the county, but has provided a tribunal to ascertain who are the proper subjects of public charge. It has, moreover, charged a class of its officers with the duty of giving information of all such known to them. This duty may be hastened by individuals calling the attention of these officers to such as may have escaped their observation, or any citizen may bring the facts to the knowledge of the county court, whose duty it is to pass upon the condition and circumstances of the subject presented for its consideration, and if found to be a proper subject of charge upon the county to make the necessary order for that purpose. Looking at the evils which may result in individual cases, from delay on the one hand, and the increased burdens which may be imposed upon the county on the other, by extending the right of charge for care and support to all who are supposed to be poor and in need, without the object of such care being first adjudged by the court a pauper and a fit subject for public charge,

we think it safest and most conducive to public good, and in accordance with the spirit and intent of the Legislature, to hold that in order to charge the county with the expenses of the care and support of paupers, they should first be declared such by the county court."

And, see' also *Brem* v. *Arkansas County Court,* 9 *Ark.*, 240.

No authority is conferred by law upon the county judge, except in term, or when holding the county court, to adjudge an indigent person a pauper, or to contract for his support or medical treatment.

The evidence shows that the man, when the county judge requested the appellant to visit and attend him, had a physician attending, and there was no necessity or occasion for his becoming a charge upon the county.

The instructions given by the court were correct, and those asked for by appellant were properly refused.

The judgment is affirmed.